1  Lynn R. Fiorentino (SBN 22691)
   **ARENTFOX SCHIFF LLP**
2  555 West Fifth Street, 48th Floor
   Los Angeles, California 90013-1065
3  Telephone: 213.629.7400
   Facsimile: 213.629.7401
4  Email:   lynn.fiorentino@afslaw.com

5  Attorneys for Lacoste USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LACOSTE USA, INC.,<br><br>Defendant. | Case No. 8:23-CV-235-SSS-KK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LYNN R. FIORENTINO IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          May 19, 2023<br>Time:         2:00 p.m.<br>Judge:        Hon. Sunshine S. Sykes<br>Courtroom: Courtroom 2, 2nd Floor |

# DECLARATION OF LYNN R. FIORENTINO

I, Lynn R. Fiorentino, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and I am admitted to practice in the Central District of California. I am a partner with the law firm of ArentFox Schiff LLP, attorneys of record for Defendant Lacoste USA, Inc. ("Lacoste"). If called upon as a witness, I could and would testify to the matters stated herein based upon my personal knowledge.

2. Pursuant to the Court's April 18, 2023 Order (Dkt. No. 22), my colleague Adam Bowser and I met and conferred with Victoria Knowles of Pacific Trial Attorneys, P.C., counsel for Plaintiff, on April 20, 2023, via videoconference.

3. During this video conference, we discussed each distinct ground for dismissal raised by Lacoste in its pending Motion to Dismiss, as well as each ground in the substantially similar Motion to Dismiss filed in the *Boscov's* matter.[1]

4. For each independent ground for dismissal advanced by Lacoste (and Boscov's), the parties agreed that further amendment to the operative pleadings would be futile and/or not moot movants' grounds for dismissal, given the parties' fundamental disagreement over the pertinent legal issues.

5. Counsel for Plaintiff also highlighted this Court's recent decision in *Licea v. Old Navy LLC*, 5:22-cv-01413-SSS-SP, 2023 WL 3012527 (C.D. Cal. Apr. 19, 2023).

6. The Court stated in this decision that "courts have applied Section 632.7 to internet-based communications and written communications," and the Court cites *People v. Nakai*, 183 Cal. App. 4th 499, 517 (Cal. Ct. App. 2010), *Adler v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal.

---

[1] *Cody v. Boscov's, Inc.*, Case No. 8:22-cv-01434-SSS-KK (Dkt. No. 50). Plaintiff related the *Boscov's* and *Lacoste* cases, and the operative pleading in each case are largely identical. ArentFox Schiff LLP also represents Boscov's in this matter.

2021), and *Brown v. Google*, 525 F.Supp.3d 1049, 1073-74 (N.D. Cal. 2021), for this proposition.

7. This is respectfully incorrect. *Nakai* and *Brown* analyzed the plaintiffs' claims **under CIPA Section *632*, an entirely separate statute** with clearly distinct elements. **CIPA Section *632.7* is *never* discussed in these cases**. Moreover, in *Nakai*, the Court of Appeal affirmed the trial court's decision holding that "a communication sent via the internet was '**completely dissimilar to a phone call**.'" *Nakai,* 183 Cal. App. 4th at 515 (emphasis added). And in *Adler*, the ***only*** issue the court addressed under Section 632.7 was "whether Plaintiffs consented to Defendant eavesdropping on and recording their messages." *Adler*, 2021 WL 4805435, *5. Judge Blumenfeld never analyzed, nor held, that Section 632.7 applied to (smart)phone-to-website communications. Instead, the relevant allegations in *Adler* were that the defendant was intercepting ***cellular phone-to-cellular phone*** communications. FAC,[2] ¶ 158 ("Plaintiffs and putative Class Members sent the text messages from their cell phones to what was held out as the personal telephone number of various celebrities."); *see also Adler*, 2021 WL 4805435, *1 (Tom Brady allegedly informing individuals that "I've been talked into giving out my cell phone on the internet" and "everything else will come directly from me, on my phone."). *Adler* thus addressed communications allegedly within the plain language of Section 632.7, and the defendant did *not* argue otherwise. That is not the case in *Lacoste* or *Boscov's*.

8. Also subsequent to the close of briefing on Lacoste's and Boscov's

---

[2] *See Adler v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, First Amended Class Action Complaint ("FAC"), Dkt. No. 14 (filed Apr. 5, 2021). The Defendant in this case spent only half a page attempting to dismiss the Section 632.7 claim, and *never* argued that the allegedly intercepted text messages fell outside the plain language of the statute because there was not a phone on the recipient's side – the pertinent issue before this Court. *See id.*, Dkt. No. 23 at 22 (arguing only that plaintiff consented to *receive* text messages, which is not even responsive to a Section 632.7 claim).

respective Motions to Dismiss, undersigned counsel alerts the Court to the fact that Plaintiff's counsel stipulated that they will not be objecting to Magistrate Judge Boone's Findings and Recommendations Recommending Granting in Part Motion to Dismiss (Dkt. No. 21), in the largely identical case *Martin v. Sephora USA, Inc.*, 1:22-cv-01355-JLT-SAB.[3]  In *Sephora*, Magistrate Judge Boone found that the plaintiff's Section 632.7 claim should be dismissed <u>with prejudice</u>.  *See* Dkt. No. 21 at 22-28.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated: April 27, 2023         **ARENTFOX SCHIFF LLP**

By: *Lynn R. Fiorentino*
LYNN R. FIORENTINO
Attorneys for Lacoste, Inc.

---

[3]  *See* Stipulation Regarding the Findings and Recommendations and Defendant Sephora USA, Inc.'s Responsive Pleading Deadline to Plaintiff's First Amended Complaint (Dkt. No. 23) (filed April 10, 2023).

## **PROOF OF SERVICE**

I, Natalie Moore, declare:

I am a citizen of the United States and employed in County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 44 Montgomery Street, 38th Floor, San Francisco, California 94104.

On April 27, 2023, I electronically filed the attached document:

- **DECLARATION OF LYNN FIORENTINO**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

*Please see attached Service List.*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 27, 2023, at San Francisco, California.

/s/ Natalie Moore_____

## **SERVICE LIST**

Scott J. Ferrell
Pacific Trial Attorneys APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660
Phone: 949.706.6464
Fax: 949.706.6469
Email: sferrell@pacifictrialattorneys.com