JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:23-cv-00235-SSS-DTBx | Date | July 30, 2024 |
|---|---|---|---|
| Title | *Annette Cody v. Lacoste USA, Inc., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 40]**

Before the Court is Defendant Lacoste USA, Inc.'s ("Lacoste") motion to dismiss (the "Motion") Plaintiff's third amended complaint (the "TAC"). [Dkt. 40]. This matter is fully briefed and ripe for review. [Dkt. 40, 43, 44]. For the reason set forth below, the Motion is **GRANTED**. [Dkt. 40].

## Background

Lacoste is an online retailer whose website is accessible to customers in California. [Dkt. 39]. In the summer of 2022, Plaintiff used her smart phone to visit Lacoste's website and accessed Lacoste's online chat services. *Id*. at 10–15.

Plaintiff alleges Lacoste allowed a third party, Heyday by Hootsuite ("Hootsuite"), to install code into Lacoste's chat function. *Id*. at 8. Plaintiff further claims this code is an "automatic routing software" that transmits user communications to Hootsuite's servers. Plaintiff also asserts that Lacoste's chat function is managed and ran through Hootsuite's widget. *Id*. In sum, Plaintiff alleges the code allows Hootsuite to "intercept in real time, eavesdrop upon, and store transcripts" of communications made between the public and Lacoste via the

webchat function.  Plaintiff was at no point informed about this secret code.  *Id*. at 9.

The TAC alleges only one claim, violation of Section 631(a) of the California Invasion of Privacy Act.  [Dkt. 39 at 12].  The Court now turns to the present Motion.  [Dkt. 40].

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor.  *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005).  A court need not accept, however, "a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile.  *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

**Discussion**

Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner": (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the

consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained," or (4) "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

On May 2, 2024, the Court granted Lacoste's motion to dismiss Plaintiff's second amended complaint. [Dkt. 38]. In so doing, the Court dismissed with prejudice Plaintiff's causes of action arising under California Penal Code Sections 631(a)(1–3). *Id*. at 4. As such, because the TAC alleges a claim for violation of Section 631(a), the Court only addresses whether the claim succeeds under Section 631(a)(4).

In order to sustain a claim under Section 631(a)(4), Plaintiff must adequately plead that Hootsuite itself engaged in conduct falling under one of the first three prongs of the statute. Here, the Court finds that she has failed to do so. *Cody v. Boscov's, Inc.*, No. 8:22-cv-01434-SSS-KKx, 2024 WL 2228973, at *2 (C.D. Cal. May 6, 2024).

As already discussed in prior motions, Section 631(a)(1) only protects communications made over a "telegraph or telephone wire, line, or cable." In light of this, courts in this district have consistently held the use of a cell phone's web browser to conduct a conversation on a website does not constitute a telephonic communication within the ambit of Section 631(a)(1). *See e.g.*, *Miguel Esparza v. Gen Digital Inc.*, No. 23-cv-8223, 2024 WL 655986 at *4 (C.D. Cal. Jan. 16, 2024); *Valenzuela v. Super Bright LEDS Inc.*, No. 23-cv-1148, 2023 WL 8424472 at *4 (C.D. Cal. Nov. 27, 2023); *Valenzuela v. Nationwide Mut. Ins. Co.*, No. 22-cv-6177, 2023 WL 5266033 at *8 (C.D. Cal. Aug. 14, 2023); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1112-3 (C.D. Cal. 2023). Here, Plaintiff alleges she used her smart phone to access Lacoste's website. [Dkt. 39 at 10]. As such, Plaintiff fails to allege a qualifying form of telephonic communication under Section 631(a)(1), and thus she cannot establish Hootsuite violated Section 631(a)(1).

As to Section 631(a)(2), Plaintiff must allege Hootsuite "read or learned the contents of a communication while the communication was in transit or in the process of being sent or received." *Cody*, 2024 WL 2228973, at *2. Importantly,

to survive Lacoste's Motion on this claim, Plaintiff must allege facts sufficient to show the communications were acquired during transmission, and not during a period of storage.  *Id*. at 3 (citing *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002)).

Here, Plaintiff alleges Hootsuite "covertly embed[ed] code into" Lacoste's chat feature and that the code automatically routs chat communication to Hootsuite's servers.  [Dkt. 39 at 8].  When taken as true, the above description does not establish that Hootsuite intercepts the communications while they are in transit.  As such, the Court concludes Plaintiff's TAC does not adequately describe conduct on the part of Hootsuite that meets the requirements of Section 631(a)(2).  *Cody*, 2024 WL 228973, at *3 (collecting cases).

Given this is Plaintiff's TAC, the Court finds it relevant to address Plaintiff's additional allegations.  To bolster the TAC, Plaintiff added allegations relating to a "live chat widget" owned by Hootsuite that "process[es]" communications as they are in transit.  [Dkt. 39 at 8].  These additional allegations do not save Plaintiff's claim because Plaintiff fails to adequately explain the connection, if there is any, between the "secret code" and Hootsuite's widget.  *Id*.  As currently plead, Plaintiff claims it is the "secret code," not the widget, that enables Hootsuite to "intercept" the communications in real time.  *Id*. at 9.  Thus, because the crux of Plaintiff's claim is whether the interception via the "secret code" is adequately plead, the allegations relating to a separate widget that "process[es]" communications does not save Plaintiff's claim.

Finally, as to the third prong, Plaintiff must allege "the information at issue was obtained through a violation of the first or second clauses of Section 631(a).  *In re Google Assistant Priv. Litig*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020).  As laid out above, Plaintiff fails to plead a violation under the first or second prong.  Thus, the allegations are insufficient as to this clause as well.

Because Plaintiff has already had many opportunities to amend the complaint, and Plaintiff still fails to adequately plead a claim, the Court finds amendment is futile.

**Conclusion**

In accordance with the above, the TAC is **DISMISSED WITH PREJUDICE**.  [Dkt. 39].  The Clerk is **DIRECTED** to close this action.

**IT IS SO ORDERED.**